UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERT J. VERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-04-1116 |
| | § | |
| DIANA BARRERA MULET, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

This employment case is before the court on plaintiff's opposed motion to extend the discovery deadline (Dkt. 123) and opposed motion to continue submission of defendants' motion for summary judgment (Dkt. 127). Having considered the parties' submissions and applicable law, the court concludes that plaintiff's motions should be denied.

Leave to amend a court-ordered scheduling order is governed by Rule 16 of the Federal Rules of Civil Procedure. "Rule 16(b) provides that a scheduling order 'shall not be modified except upon a showing of good cause and by leave of the district judge.' The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S & W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d

533, 535 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990))).

Plaintiff's motion for continuance of the submission of the summary judgment motion pending further discovery is governed by Rule 56(f) of the Federal Rules of Civil Procedure. *See Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1441 (5th Cir. 1993). "In order to obtain a continuance of a motion for summary judgment for discovery purposes, a party must set forth some statement to the court indicating why additional discovery is necessary and 'how additional discovery will create a genuine issue of material fact.'" *Canady v. Bossier Parish School Bd.*, 240 F.3d 437, 445 (5th Cir. 2001) (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 28 F.3d 1388, 1395 (5th Cir. 1994)).

Plaintiff argues he needs more time for discovery because defendants produced a large quantity of documents at the close of discovery, and because defendants have failed to comply with plaintiff's request for "e-mails in electronic format, including metadata."

Plaintiff has failed to show good cause for failing to meet the October 17, 2005 discovery deadline. Plaintiff, despite defendants' cooperation, did not ask to depose defendants before the discovery deadline. Defendants' production of additional documents creates no basis for relieving him of the consequences of that decision. There is no indication that the new documents revealed the identity of witnesses that

were never previously known to plaintiff. Plaintiff does not identify any person whose deposition he would like to take based on those documents.

Similarly, plaintiff's complaint that defendants still have not complied with his request for the March 27, 2003 e-mail in electronic format provides no basis for relief. In August 2005, defense counsel informed plaintiff's counsel that defendants could provide no further information about the e-mail account holder without a court order, but noted that "if you make a motion for such a court order we will not oppose it."[1] Plaintiff has known defendants' position regarding production of the electronic information since at least August 2005, and has done nothing to compel production of such information. Plaintiff makes mention of the need for professional examination of the e-mail in its electronic format, but the court notes that plaintiff also never moved for an extension of the now-passed deadlines for designating experts and filing expert reports.

It is clear that plaintiff made an informed decision to delay discovery in the hopes of reaching a settlement. This strategic and economic decision does not constitute good cause for extending the discovery deadline. Defendants never agreed to postpone discovery while settlement negotiations were on-going, and in fact

---

[1] Exhibit D to defendants' response.

defendants' counsel notified plaintiff's counsel of the need to proceed with discovery because of the impending discovery and motion deadlines.

Any delay in this long-pending case would prejudice defendants, who have already expended resources in conducting discovery and moving for summary judgment based on the existing record, all within the time limits imposed by the scheduling order. All parties have had this matter hanging over their heads for most of two school years, and further delay is unwarranted.

Defendants filed their motion for summary judgment on October 31, 2005. Plaintiff's response should have been filed on November 21, 2005. In light of the motions, the court will extend plaintiff's response date until December 5, 2005. It is therefore

ORDERED that plaintiff's motion to extend the discovery deadline and motion to continue submission of the summary judgment motion are denied. It is further

ORDERED that plaintiff shall file his response to defendants' summary judgment motion on or before December 5, 2005.

Signed at Houston, Texas on November 23, 2005.

Stephen Wm Smith
United States Magistrate Judge