UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Albert J. Vera, | § | |
|    *Plaintiff,* | § | |
| v. | § | Civil Action H-04-1116 |
| | § | |
| Diana Barrera Mulet, *et al.*, | § | |
|    *Defendants.* | § | |

### **ORDER**

Plaintiff's unopposed motion (Dkt. 137) to seal defendants' reply to plaintiff's response to their motion for summary judgment is granted. The clerk shall place the reply (Dkt. 135) under seal, and the docket shall reflect only the title of the document and the party filing it. Plaintiff's request for sanctions is denied.

This sealing order is limited to the summary judgment papers filed by the defendants. It does not apply to any further proceedings in this court, nor should the parties lightly presume that future motions to seal will automatically be granted merely because both sides agree. There is both a constitutional and common law right of public access to judicial proceedings. *Davis v. East Baton Rouge Parish School Bd.,* 78 F.3d 920, 928-29 (5th Cir. 1996); *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514, 516 (E.D. La. 2005) (denying joint motion to seal). There is a presumption in favor of the public's right to access. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). The public interest is particularly legitimate and

important when one of the litigants is a public entity or official. *Marcus v. St. Tammany Parish School Bd.,* Civ. A. 95-3140, 1997 WL 313418 *4 (E.D. La. June 9, 1997). The presumption of access is rebuttable only upon a demonstration that the interests favoring non-disclosure outweigh the public interest. *Nixon v. Warner Communication, Inc.* 435 U.S. 589, 598-99 (1978) (requiring balancing of need for secrecy with public interest in disclosure); *Van Waeyenberghe*, 990 f.2d at 848 (same). Any future motion to seal should specifically address that legal standard.

Signed on December 16, 2005 at Houston, Texas.

Stephen Wm Smith
United States Magistrate Judge